**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date:  July 29, 2014

Docket No. 32,924

MONIQUE SAMBRANO, Individually
and as Personal Representative of the
ESTATE OF ANGEL VALE and
EDWARD LUCERO, Individually,

    Plaintiffs-Appellees,

v.

SAVAGE ARMS, INC.,

    Defendant-Appellant,

and

N.A.D. CORPORATION,
JOYCE CRAWFORD, and
DE ANGELO MONTOYA,

    Defendants.

APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY
Drew D. Tatum, District Judge

Kenneth G. Egan
Las Cruces, NM

L. Helen Bennett
Albuquerque, NM

for Appellees

Rowley Law Firm, LLC
Richard F. Rowley, III
Clovis, NM

1

Pisciotti, Malsch & Buckley, P.C.
Anthony M. Pisciotti
Jeffrey M. Malsch
Danny C. Lallis
Florham Park, NJ

for Appellant

## OPINION

**WECHSLER, Judge.**

**{1}**     An intruder broke into the home of Angel Vale and killed her using a rifle manufactured and distributed by Defendant Savage Arms, Inc. (Savage).  Savage had sold the rifle with a cable lock manufactured by Defendant N.A.D. Corporation (NAD).  The complaint alleged, among other things, that the lock was not fit for its intended purpose and that Savage was negligent for pairing and selling the lock with the rifle.  Savage moved to dismiss on the basis that the Protection of Lawful Commerce in Arms Act (the PLCAA), 15 U.S.C. §§ 7901-03 (2012), precludes this action against Savage and the intentional criminal acts of the intruder constitute an independent intervening cause that precludes Savage's liability as a matter of law.  The district court denied the motion.  We hold that the PLCAA, which insulates a firearm manufacturer from suit "caused by the criminal or unlawful misuse of firearm products . . . by others when the product functioned as designed and intended[,]" embraces this action. 15 U.S.C. § 7901(b)(1).  Because the PLCAA dictates reversal, we do not reach the argument by Savage that tort liability does not apply.

## BACKGROUND

**{2}**     Plaintiffs, Monique Sambrano, individually, and as personal representative of the Estate of Angel Vale, and Edward Lucero, allege in their complaint that an intruder, Defendant De Angelo Montoya, entered the home of Vale and Lucero, her fiancé.  Lucero owned a rifle with a lock.  The rifle was manufactured and distributed by Savage, and the lock was distributed by NAD.  Savage and NAD "paired" the rifle and the lock for sale to the general public as a packaged set.  While in the home, Montoya took possession of the rifle and opened the lock "with a key that was not a designated key for unlocking" the lock.  Vale returned home, confronted Montoya, and he shot and killed her with the rifle.  The complaint asserts claims for negligence, strict liability, misrepresentation and/or breach of warranty, res ipsa loquitur, damages for wrongful death, loss of consortium, and punitive damages.  The claims center on the allegations that Savage and NAD negligently selected the lock that was not fit for its intended purpose; should not have paired the lock with the rifle; failed to use ordinary care in inspecting, testing, packaging, importing, and pairing the lock with the rifle; and failed to use the required care to package and distribute a safe product.

2

**{3}** Based on the PLCAA, Savage moved to dismiss the complaint under Rule 1-012(B)(6) NMRA for failure to state a claim upon which relief can be granted. The district court denied the motion, and over Plaintiffs' objection, ultimately included language certifying the case for an interlocutory appeal in its order. This Court granted Savage's application for leave to file an interlocutory appeal, accepting the appeal.

**STANDARD OF REVIEW**

**{4}** We review a district court's action on a motion to dismiss under Rule 1-012(B)(6) under de novo review. *Valles v. Silverman*, 2004-NMCA-019, ¶ 6, 135 N.M. 91, 84 P.3d 1056. We accept all well-pleaded factual allegations as true and determine "whether the plaintiff might prevail under any state of facts provable under the claim." *Id.* (internal quotation marks and citation omitted).

**PLCAA QUALIFIED CIVIL LIABILITY ACTION**

**{5}** Congress designed the PLCAA to prohibit claims against manufacturers and distributors of firearms "for the harm solely caused by the criminal or unlawful misuse of firearm products . . . by others when the product functioned as designed and intended." 15 U.S.C. § 7901(b)(1). A "qualified civil liability action" under the PLCAA must be dismissed. 15 U.S.C. § 7902(b). As relevant to the case, such an action is generally brought against a manufacturer or seller of a "qualified product" for damages resulting from criminal or unlawful misuse of the product by the plaintiff or a third party. 15 U.S.C. § 7903(5)(A). A "qualified product" includes a firearm and the component parts of a firearm. 15 U.S.C. § 7903(4).

**{6}** To ascertain Congress's intent in enacting the PLCAA, we first look to the language that Congress used. *See Baker v. Hedstrom*, 2013-NMSC-043, ¶ 11, 309 P.3d 1047 (stating that the plain language of a statute is the primary indicator of legislative intent). Viewing the language of the PLCAA, it requires for a qualified civil liability action that the action (1) be brought against a manufacturer or seller of a qualified product, (2) for relief including damages, (3) that resulted from the criminal or unlawful misuse of a qualified product by the plaintiff or a third party. 15 U.S.C. § 7903(5)(A). On its face, the PLCAA applies to the allegations of the complaint in this case in that Plaintiffs have brought suit (1) against Savage, a manufacturer or seller of a firearm, (2) for damages, (3) that result from the criminal misuse of the rifle by Montoya, a third party.

**{7}** Although Plaintiffs do not dispute that a third party, Montoya, criminally misused Savage's rifle to cause them damage, the issue concerning the applicability of the PLCAA arises because Plaintiffs contend that the PLCAA does not apply because they base their claims on Savage's actions related to the lock rather than on Montoya's criminal action. Indeed, the complaint alleges, among other allegations, that (1) Savage was negligent because, with NAD, it selected the lock as a cost-saving measure and the lock was unfit for its intended purpose; and (2) Savage and NAD did not exercise ordinary care in pairing the

3

lock with the rifle and in adopting proper safety devices for the rifle, and the pairing of the lock and the rifle created a foreseeable danger of injury and serious harm.

**{8}** Plaintiffs' argument raises the question of the scope of the intent underlying the PLCAA. *See Rayellen Res., Inc. v. N.M. Cultural Props. Review Comm.*, 2014-NMSC-006, ¶ 38, 319 P.3d 639 (stating that the first step in statutory construction is to discern and give effect to the intent of the Legislature). Congress expressed its intent by stating its purposes in adopting the PLCAA. It stated, in part, that it intended to

> prohibit causes of action against manufacturers, distributors, dealers, and importers of firearms . . . for the harm solely caused by the criminal or unlawful misuse of firearm products . . . by others when the product functioned as designed and intended. . . [, and] prevent the use of such lawsuits to impose unreasonable burdens on interstate and foreign commerce.

15 U.S.C. § 7901(b)(1), (4). Subject to exceptions for negligent entrustment, negligence per se, and product liability that do not apply in this case, 15 U.S.C. § 7903(5)(A)(ii), (v), the PLCAA establishes a new legal standard for actions that fall within the definition of a qualified civil liability action that preempts common law claims based on general tort liability. *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 395 (2d Cir. 2008); *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1135 (9th Cir. 2009).

**{9}** The allegations concerning the pairing of the Savage rifle with a lock do not alter the congressional intent. The lock was merely an accessory. Even assuming that the lock was defective or unfit for its intended use, Plaintiffs' claimed damages nevertheless resulted from a third party's criminal or unlawful misuse of the rifle. One purpose of the PLCAA is to prevent handgun manufacturers from defending against negligence claims based on the criminal misuse of their firearms. *See* H.R. Rep. No.109-124, at 8 (2005) ("Handgun manufacturers have no duty to control the conduct of third parties."). The rifle "functioned as designed and intended." 15 U.S.C. § 7901(b)(1). The PLCAA does not contain exceptions for a defective accessory or negligent distribution.

**{10}** Plaintiffs specifically argue that their action is not a qualified civil liability action because the lock, as an accessory to the rifle, is not a qualified product under 15 U.S.C. § 7903(4). Savage does not dispute that the lock was an accessory rather than a component of the rifle such that the lock does not fall within the definition of a "qualified product." Plaintiffs' argument, however, misses the mark. Although Plaintiffs have framed their complaint to focus upon the lock as opposed to the rifle, Montoya nonetheless used a qualified product, the rifle, as the instrument to commit the crime that resulted in the harm to Plaintiffs. As a result, the congressional intent embraces Plaintiffs' action. The PLCAA does not preclude Plaintiffs' claims against NAD, the lock distributor.

**{11}** We note that the PLCAA expresses the necessary connection between a plaintiff's damages and a third party's criminal or unlawful misuse of a firearm twice in its provisions

4

using different terminology. In stating its purposes, Congress describes its intent to prohibit claims "for the harm solely caused by" a third party's criminal or unlawful misuse. 15 U.S.C. § 7901(b)(1). In defining a qualified civil liability action, Congress included an action for damages "resulting from" a third party's criminal or unlawful misuse. 15 U.S.C. § 7903(5)(A). We see no distinction in the intent. Under the PLCAA, to be a qualified civil liability action, the harm or damages must result from the third party's criminal or unlawful misuse of a firearm, as has occurred in this case. *Id.*

## PLCAA EXCEPTION

**{12}** Plaintiffs further argue that, even if their action is a qualified civil liability action under the PLCAA, their claims fall within the exception to a qualified civil liability action contained in 15 U.S.C. § 7903(5)(A)(iv). **[AB 19-23]** That exception applies to "an action for breach of contract or warranty in connection with the purchase of the product[.]" *Id.* But, as Plaintiffs assert, this exception depends on the lock being "considered a 'product' that brings Plaintiffs' action within the ambit of the PLCAA[.]" **[AB 21]** The lock is not a qualified product under the PLCAA.

## CONCLUSION

**{13}** We reverse the district court's order denying Savage's motion to dismiss. The PLCAA applies to this action and requires that it be dismissed. Because the PLCAA dictates dismissal, we do not reach the argument by Savage that tort liability does not apply.

**{14}**   **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**I CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

**MICHAEL E. VIGIL, Judge (specially concurring).**

**VIGIL, Judge (specially concurring).**

**{15}** I completely agree with the analysis of the PLCAA in the majority opinion. I write separately because, in my view, Defendants owed no duty to Plaintiffs in this case. Because no duty was owed, the analysis under the PLCAA is unnecessary.

**{16}** *Rodriguez v. Del Sol Shopping Ctr. Assocs.*, 2014-NMSC-014, ¶ 1, 326 P.3d 465 holds that "foreseeability is not a factor for courts to consider when determining the

5

existence of a duty, or when deciding to limit or eliminate an existing duty in a particular class of cases." *Rodriguez* also requires courts to "articulate specific policy reasons, unrelated to foreseeability considerations, if deciding that a defendant does not have a duty or that an existing duty should be limited." *Id.*

**{17}** The question presented under the facts of this case is whether Defendants owed a duty to control Montoya's criminal actions of breaking into Plaintiffs' home, stealing the rifle, opening the lock, loading the rifle, and then shooting and killing Vale when she returned home and confronted him. In my view, it is contrary to public policy to require the manufacturer of a firearm to control the criminal conduct of a third party who steals the firearm and then intentionally misuses the firearm to shoot and kill an innocent person. There is no relationship between the manufacturer, the shooter, and the victim that justifies imposing such a legal duty upon the manufacturer. Further, the manufacturer played no role in creating the risk suffered by Plaintiffs, nor is there any ability on the part of the manufacturer to control that risk.

**{18}** I therefore conclude that Defendants owed no duty to Plaintiffs in this case under the reasoning of the following authorities: *City of Philadelphia v. Beretta U.S.A., Corp.*, 126 F. Supp. 2d 882, 898-903 (E.D. Pa. 2000), *aff'd*, 277 F.3d 415, 425 (3d Cir. 2002) (concluding that gun manufacturers are under no legal duty to protect citizens from the deliberate and unlawful use of their products by applying a five factor test to determine if sound public policy dictates that a particular plaintiff is entitled to protection); *Bloxham v. Glock Inc.*, 53 P.3d 196, ¶¶ 6-11 (Ariz. Ct. App. 2002) (considering public policy and holding that a gun manufacturer owed no duty to plaintiffs where the gun was sold at a gun show and the purchaser later used the gun to shoot and kill the victims); *First Commercial Trust Co. v. Lorcin Eng'r, Inc.*, 900 S.W.2d 202, 214-216 (Ark. 1995) (holding that the manufacturer of a handgun owed no duty to the victim who was murdered); *Hamilton v. Beretta U.S.A. Corp.*, 750 N.E.2d 1055, 1059-1063 (N.Y. App. 2001) (holding that handgun manufacturers do not owe a duty of reasonable care in the marketing and distribution of their handguns to persons killed or injured through the use of illegally obtained handguns, and concluding that public policy does not justify imposing such a duty).

**{19}** Since the foregoing authorities are consistent with New Mexico law, *see Romero v. Giant Stop-N-Go of N.M., Inc.*, 2009-NMCA-059, ¶ 7, 146 N.M. 520, 212 P.3d 408 (stating that as a general rule, in the absence of a special relationship, a person does not have a duty to protect a person from the criminal acts of a third person), I would affirm the district court order without resorting to the PLCAA.

 

_____

**MICHAEL E. VIGIL, Judge**

6