This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LEE CLOCKMAN,**

     Plaintiff-Appellant/Cross-Appellee,

**v.**                                                                                       **No. 35,690**

**BARBARA MARBURGER, and**
**SLOAN FINE ART, LLC,**

     Defendants-Appellees/Cross-Appellants,

and

**LUBA DELUCA, and**
**MOSIONZHNIK FINE ART, LLC**
**d/b/a MFA, LLC,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

Natelson Law Firm
Stephen Natelson
Taos, NM

for Appellant

Catron, Catron & Glassman, P.A.
Richard Glassman
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}    Plaintiff appeals from the district court's order dismissing all of his claims against Defendants Luba DeLuca and Mosionzhnik Fine Art, LLC, d/b/a MFA, LLC (collectively, MFA Defendants), as well as from the district court's order dismissing some, but not all, of his claims against Defendants Barbara Marburger and Sloan Fine Art, LLC (collectively, Sloan Defendants). Sloan Defendants cross-appeal from the portion of the district court's order denying their motion to dismiss Plaintiff's breach of contract claim, as well as from a previous order of the district court denying Marburger's motion to dismiss. This Court issued a calendar notice proposing summary dismissal in part, summary affirmance in part, and summary reversal in part. [CN 2]

{2}    In our calendar notice, we initially addressed the issue of finality with respect to the portion of Plaintiff's appeal challenging the district court's dismissal of his claims against Sloan Defendants, as well as Sloan Defendants' cross-appeal. [CN 2-4] For the reasons detailed in our calendar notice, we proposed to dismiss these appeals for lack of a final, appealable order. [CN 4] Having received no memoranda in

2

opposition to our proposed disposition, we dismiss. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{3}** Similarly, we proposed to affirm the district court's dismissal of Plaintiff's prima facie tort claim against MFA Defendants. [CN 9] Again, having received no memorandum in opposition to our proposed disposition, we affirm. *See Hennessy*, 1998-NMCA-036, ¶ 24.

**{4}** With respect to Plaintiff's challenge to the district court's dismissal of his tortious interference with a contract and civil conspiracy claims against MFA Defendants, we proposed summary reversal. [CN 10] MFA Defendants filed a memorandum in opposition to this Court's proposed disposition, which we have duly considered. Unpersuaded, we reverse.

**{5}** Specifically, as we noted in our calendar notice, a motion to dismiss tests the legal sufficiency of the complaint. [CN 5] *Healthsource, Inc. v. X-Ray Assocs. of N.M.*, 2005-NMCA-097, ¶ 16, 138 N.M. 70, 116 P.3d 861. For purposes of Rule 1-012(B)(6) NMRA, we accept all well-pleaded facts as true and evaluate whether the claimant could prevail under any state of facts that might be proven in accordance with the allegations of the complaint. [CN 5] *N.M. Life Ins. Guar. Ass'n v. Quinn & Co.*, 1991-NMSC-036, ¶ 5, 111 N.M. 750, 809 P.2d 1278. A complaint should not be

4

dismissed unless there is a total failure to allege some matter essential to the relief sought. *Las Luminarias of the N.M. Council of the Blind v. Isengard*, 1978-NMCA-117, ¶ 3, 92 N.M. 297, 587 P.2d 444. [CN 5] Motions to dismiss are infrequently granted. [CN 5] *Id*. We review rulings on Rule 1-012(B)(6) motions de novo. [CN 5] *Derringer v. State*, 2003-NMCA-073, ¶ 5, 133 N.M. 721, 68 P.3d 961.

{6}     With respect to Plaintiff's claim of tortious interference with a contract, he must prove that (1) MFA Defendants had knowledge of the contract between Plaintiff and Sloan Defendants; (2) performance of the contract was refused; (3) MFA Defendants played an active and substantial part in causing Plaintiff to lose the benefits of his contract; (4) damages flowed from the breached contract; and (5) MFA Defendants induced the breach without justification or privilege to do so. [CN 6-7] *See Ettenson v. Burke*, 2001-NMCA-003, ¶ 14, 130 N.M. 67, 17 P.3d 440. To establish a lack of justification or privilege, there must be evidence that MFA Defendants acted with either an improper motive or by improper means. [CN 7] *See Guest v. Berardinelli*, 2008-NMCA-144, ¶ 32, 145 N.M. 186, 195 P.3d 353; *see also M&M Rental Tools, Inc. v. Milchem, Inc.*, 1980-NMCA-072, ¶ 38, 94 N.M. 449, 612 P.2d 241 (holding that the plaintiff "has the burden of proving the interference was improper").

{7}     In our calendar notice, we suggested that it appeared that Plaintiff has pled facts in his complaint bearing on MFA Defendants' knowledge of Sloan's agreement to pay a commission to Plaintiff and the alleged inducement of Sloan Defendants to breach

the agreement, and that he was damaged by such interference. [CN 8] Mindful that our rules of civil procedure require only notice pleading, and that the complaint need not detail the factual basis for the allegations, *see Trujillo v. Puro*, 1984-NMCA-050, ¶ 34, 101 N.M. 408, 683 P.2d 963, we suggested that it appeared that Plaintiff could be "entitled to relief under any state of facts provable under the claim" and that improper motive or means can be reasonably inferred at this point from the alleged unjustified and unprivileged inducement. [CN 8] *Id.* ¶ 31; *see Derringer*, 2003-NMCA-073, ¶ 5 (stating that all that is required is that "the essential elements prerequisite to the granting of the relief sought can be found or reasonably inferred"). **{8}** In their memorandum in opposition, MFA Defendants essentially argue the following: (1) Plaintiff did not allege improper means or motive in his first amended complaint, and this Court's proposed determination that improper means or motive could be inferred from the allegations in the complaint is improper because Plaintiff did not file his complaint pro se [MIO 2-5]; (2) improper means or motive are primary elements, and must be pled, not inferred [MIO 5-7]; and (3) Plaintiff does not believe that he needs to prove improper means or motive [MIO 7-8]. We address each of these contentions in turn.

**{9}** First, we are in agreement with MFA Defendants that Plaintiff did not specifically plead improper means or motive. [*See* CN 8] However, we are not convinced that we were incorrect in our determination that improper means or motive

6

can be reasonably inferred at this point from Plaintiff's allegation that the inducement was unjustified and unprivileged. *See Derringer*, 2003-NMCA-073, ¶ 5. MFA Defendants argue that such an "inferential approach" applies only to pro se complainants, citing us to *Derringer*, *Birdo v. Rodriguez*, 1972-NMSC-062, 84 N.M. 207, 501 P.2d 195, and *Ramer v. Place-Gallegos*, 1994-NMCA-101, 118 N.M. 363, 881 P.2d 723, *overruled on other grounds by Spectron Dev. Lab. v. Am. Hollow Boring Co.*, 1997-NMCA-025, 123 N.M. 170, 936 P.2d 852. [MIO 3-5] While it is true that each of those cases illustrates the court's use of inferences in finding the essential elements in a pro se complaint, there is no indication in any of the cited cases that the inferential approach is limited to pro se complaints. In fact, *Ramer* states that "[e]ven where the plaintiff is pro se, the 'pleadings, however inartfully expressed, must tell a story from which, looking to substance rather than form, the essential elements prerequisite to the granting of the relief sought can be found or reasonably inferred.'" 1994-NMCA-101, ¶ 8 (quoting *Birdo*, 1972-NMSC-062, ¶ 6). Clearly, *Ramer*'s use of the phrase "even where the plaintiff is pro se" expresses the notion that the rule is not limited to pro se complainants. Linguistic concepts aside, in *America Federation of State, County and Municipal Employees Council 18 v. State*, a case not involving a pro se complainant, this Court reiterated that all that is required to survive a motion to dismiss for failure to state a claim under Rule 1-012(B)(6) is that "the essential elements prerequisite to the granting of the relief sought can be found or

reasonably inferred." 2013-NMCA-106, ¶ 6, 314 P.3d 674 (internal quotation marks and citation omitted). Consequently, we are not persuaded that our inference in this case was improper.

{10} Next, along the same lines, MFA Defendants contend that "the improper means or motive element is a primary, and not secondary, element of the tort" [MIO 5], and thus cannot be inferred, instead, improper means or motive must be alleged "from the start" [MIO 7]. Notably, however, MFA Defendants do not explain what they mean by primary versus secondary elements of a tort or how this distinction affects our holding that a complaint survives a Rule 1-012(B)(6) motion to dismiss if "the essential elements prerequisite to the granting of the relief sought can be found or reasonably inferred." *Am. Fed'n of State, Cnty. & Mun. Emps. Council 18*, 2013-NMCA-106, ¶ 6, 314 P.3d 674 (citation omitted).

{11} MFA Defendants cite three cases in support of their position. [MIO 5-6] The first, *M&M Rental Tools, Inc.*, 1980-NMCA-072, ¶ 38, states that a plaintiff has the burden of proving improper means or motive. While this may be true, there is nothing in the case that indicates that improper means or motive must be pled with specificity or that a court cannot infer improper means or motive from the allegations in the complaint. Furthermore, although MFA Defendants couch the burden of proof as establishing improper means or motive to "be the primary driver[s] of this tort," thus relegating the requirement that the inducement be done with lack of justification or

8

privilege to a "secondary issue" [MIO 6], we note that our case law continues to consider lack of justification or privilege to be an element of tortious interference with a contract. *See Ettenson*, 2001-NMCA-003, ¶ 14. Next, MFA Defendants cite *Wills v. Bd. of Regents of Univ. of N.M.*, 2015-NMCA-105, 357 P.3d 453, for the proposition that "the details of the allegations set forth in the complaint do matter" and state that this Court was correct in affirming the dismissal of the plaintiff's claim for failure to allege protected whistleblower activity. [MIO 6-7] Our review of *Wills* reveals, however, that this Court first inferred plaintiff's theory that his actions constituted whistleblower activity from his complaint. *See id.* ¶ 16. We then went on to evaluate that theory for legal sufficiency, as contemplated by Rule 1-012(B)(6), and affirm the district court's determination that the plaintiff's theory was legally deficient. *See Wills*, 2015-NMCA-105, ¶¶ 17-21; *see also Healthsource, Inc.*, 2005-NMCA-097, ¶ 16 (stating that a motion to dismiss tests the legal sufficiency of the complaint). Thus, we are not convinced by *Wills* that our proposed disposition is incorrect. Likewise, we are unconvinced by MFA Defendants' citation to *Healthsource, Inc.*, 2005-NMCA-097, without a pinpoint, for the general proposition that "a district court must evaluate even a stated cause of action." [MIO 6] For the reasons detailed in our calendar notice and in this opinion, our evaluation of Plaintiff's complaint indicates that he has not failed to state a claim for tortious interference with a contract. *See Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917

(stating that appellate courts must resolve all doubts in favor of the sufficiency of the complaint). Therefore, we are not convinced that our proposed disposition was incorrect.

**{12}** MFA Defendants' last argument with respect to the tortious interference with a contract claim is that Plaintiff does not believe he must prove improper means or motive and that we should therefore not infer improper means or motive from the complaint. [MIO 7-8] Notably, this argument is not accompanied by supporting authority. Thus, we are not convinced that our proposed disposition was incorrect. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, we may assume no such authority exists); *Hennessy*, 1998-NMCA-036, ¶ 24. However, we remind Plaintiff that he has the burden of proving improper means or motive in order to establish that MFA Defendants' inducement of the breach of contract was without justification or privilege, *see M&M Rental Tools, Inc.*, 1980-NMCA-072, ¶ 38, and if the evidence is not sufficient, MFA Defendants have the option of pursuing summary judgment. *Cf. Valles v. Silverman*, 2004-NMCA-019, ¶¶ 24, 29, 135 N.M. 91, 84 P.3d 1056 (reminding the plaintiffs that if it was determined, after discovery, that there was insufficient evidence to prove an essential element of their claim, the defendant had the option of pursuing summary judgment).

{13}     Lastly, with respect to our proposed reversal of the district court's dismissal of Plaintiff's civil conspiracy claim [*see* CN 9-10], MFA Defendants simply argue that we should instead affirm the dismissal if we change our proposed disposition on Plaintiff's tortious interference with a contract claim [MIO 8-9]. For the reasons laid out in our calendar notice, and because we are reversing the dismissal on the tortious interference claim, we reverse the dismissal of the civil conspiracy claim as well.

{14}     Accordingly, we dismiss the portion of Plaintiff's appeal challenging the district court's dismissal of his claims against Sloan Defendants, as well as Sloan Defendants' cross-appeal, for lack of a final, appealable order; we affirm the district court's dismissal of Plaintiff's prima facie tort claim; we reverse the district court's dismissal of Plaintiff's tortious interference with a contract and civil conspiracy claims; and we remand to the district court for further proceedings.

{15}     **IT IS SO ORDERED.**


_____
                                      **LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

11

_____

**STEPHEN G. FRENCH, Judge**