[Civ. No. 21939.   Second Dist., Div. Two.   Jan. 23, 1957.]

MARILYN LOUISE ROYKO et al., Appellants, v. GRIF-
FITH COMPANY (a Corporation), Respondent.

Robert A. Wenke for Appellants.

Ball, Hunt & Hart and Clark Heggeness for Respondent.

ASHBURN, J.—Action for wrongful death of Wilfred John Royko. As a guest of Donald L. Lambert, he was riding south on Figueroa Street in Lambert's automobile. The street was being widened and resurfaced and was kept open for traffic during the entire work. Defendant Griffith Company was the contractor and had finished the east half of the roadway. It then placed a line of barricades along the west line of that east half, which in turn was divided into two lanes for north and south traffic. Shortly after 1 a. m. on April 30, 1954, Lambert and Royko left the 220 Club, where they had done some drinking of alcoholic liquor, and started down Figueroa toward Royko's home. Lambert was drunk and was driving at 50-55 miles per hour. Suddenly he left the paved side of the highway, went between barriers onto the west side, which was under construction, and continued southerly across Ocean Avenue, colliding with defendant's 12-ton grader which was parked on that unfinished side of the street with no lights or reflectors on it. The force of the impact was such that the grader, with brakes set, was pushed

some 25 feet to the south. Royko received injuries from which he died at the scene of the accident. The evidence of defendant's negligence is clear, but a jury rendered a verdict for defendant. Plaintiffs appeal from the judgment entered thereon.

Appellants complain of refusal to give the following instruction: "You are instructed that if the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentional tortious or criminal does not prevent the actor from being liable for harm caused thereby." It is a quotation from the opinion in *Richardson* v. *Ham,* 44 Cal.2d 772, 777 [285 P.2d 269], was intended to direct attention to the doctrine that foreseeability is the basic test of negligence (see *Tucker* v. *Lombardo,* 47 Cal.2d 457, 464-465 [303 P.2d 1041]) and, as the rule had not been adequately covered elsewhere, it should have been given if drawn in proper form. Unfortunately that was not the case. The requested instruction would leave it to the jury to determine whether "the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards *which makes the actor negligent.*" (Emphasis added.) The question whether failure to recognize such a hazard would or would not constitute negligence was for the court to determine, and the answer should have been stated affirmatively as a matter of law, not left to the jurors. This case again illustrates the fallacy of requesting instructions in language of courts of last resort (see *Sloan* v. *Stearns,* 137 Cal.App.2d 289, 299-300 [290 P.2d 382].) The court was not required to modify it and give the same as thus corrected (*idem.*). There was no error in refusal to give this requested instruction.

Error is asserted to lie in the refusal of the following request: "During the trial of this case you heard something said about 'assumption of risk.' I instruct you that the deceased did not assume the risk of any injury that could have come to him through the negligence of the defendant Griffith Company or of said defendant's agents or employees." The contention is refuted by *Prescott* v. *Ralphs Grocery Co.,* 42 Cal.2d 158 [265 P.2d 904]. It was there held proper to refuse an instruction that one "does not assume dangers which come only from the negligent act of another." The negligence there under discussion was that of the defendant and the ruling seems conclusive in the instant case. The court said, at

page 162: "As we have seen, the elements of the defense of assumption of risk are a person's knowledge and appreciation of the danger involved and his voluntary acceptance of the risk. It follows that a person, if he is fully informed, may assume a risk even though the dangerous condition is caused by the negligence of others. [Citations.] Indeed, the cases in which this defense is applied usually involve dangerous conditions created by the negligence of another. The requested instruction was erroneous, and the trial court was not under a duty to revise it to state the law accurately."

At defendant's request the court instructed the jury that the contract between the state and defendant Griffith Company contained the following provisions: "Whenever the Contractor's operations create a condition hazardous to traffic or to the public, the Contractor shall take the necessary precautions and provide adequate means to protect those who must pass through or over the work. If the Contractor shall appear to be neglectful or negligent in providing such warning or protective measures, the Engineer may direct attention to the existence of a hazard, and any barricades, warning signs, lights or flagmen required to protect the public shall be installed by the Contractor, and the entire cost of such protective measures will be considered as being included in the prices paid for the various contract items of work.

"The Engineer may point out the inadequacy of protective devices or measures, but such action on the part of the Engineer shall not relieve the Contractor from responsibility for public safety or abrogate his obligation to furnish and pay for these devices."

"At the end of each day's work and at all other times when construction operations are suspended, all equipment and other obstructions shall be removed from that portion of the roadway open for use by public traffic."

■ Appellants contend that this "set up a different standards of care other than negligence," and that it was misleading. To the extent that it differed from common law requirements it imposed a contractual duty upon defendant to use care for the protection of the public (including decedent) which properly could form the basis of a tort action. (See *Eads* v. *Marks*, 39 Cal.2d 807, 810-812 [249 P.2d 257].)

■ Any departure from defendant's common law duty which is found in this instruction is an added burden of care and thus favorable to plaintiffs. If error, it was favorable error of which they cannot complain.

The claim that reference to action by the state's engineer raised the inference that absence of proof of anything of the sort would spell full performance of defendant's duty, seems far fetched. The instruction was not misleading in this regard. ■ The present is one of those instances in which plaintiffs' counsel, if not satisfied with the form of the instruction, should have proposed modifications. (24 Cal.Jur. § 74, p. 796.)

■ Appellants' counsel also asserts error in the giving of an instruction concerning a county ordinance which was not formally received in evidence. It is not questioned that the accident occurred in county territory. The instruction reads: "You are instructed that Los Angeles County Ordinance No. 1735 provides in part as follows: 'Section 1. It shall be unlawful for any intoxicated person, or any person in an intoxicated condition, wilfully to appear, remain, or be in or on any public highway, street, alley, way, park, playground, or public place in the unincorporated territory of the County of Los Angeles whether such person is or is not in or upon any automobile, street or interurban car, vehicle, or conveyance.' "

Careful scrutiny of the record at bar indicates that respondent's counsel correctly assert that both sides, in chambers and in the absence of the court reporter, agreed to a suggestion made by the judge that he instruct the jury with respect to the ordinance without the necessity of its formal introduction in evidence, reserving to plaintiff all other appropriate objections to the giving of any instruction on the subject. This appears to be one of those cases in which the express or implied admissions of the briefs may be recognized as properly filling a hiatus in the transcript. (*Standard Iron Wks.* v. *Maryland C. Co.,* 56 Cal.App. 600, 601 [206 P. 136]; *Castriotis* v. *Cummins,* 93 Cal.App. 654, 656 [269 P. 1115]; *H. Moffat Co.* v. *Rosasco,* 119 Cal.App.2d 432, 443-444 [260 P.2d 126]; *Willson* v. *Security-First Nat. Bk.,* 21 Cal.2d 705, 712 [134 P.2d 800]; 4 Cal.Jur.2d § 485, p. 321; *Ribero* v. *Callaway,* 87 Cal.App.2d 135, 137 [196 P.2d 109].) There was no error in giving the instruction unless, as now urged, it was inherently erroneous or misleading.

■ The court elsewhere instructed that the *driving* of an automobile upon a highway while intoxicated is unlawful and negligent; also that the negligence of the driver was not to be imputed to Royko, the guest. At the beginning of the trial the judge had explained to the jurors that defendant was

relying upon a claim of contributory negligence of decedent and this statement was never withdrawn. While instructions upon the subject of contributory negligence were refused, the court did not advise the jurors of that fact, but did tell them that Royko, now deceased, was presumed to have exercised ordinary care and obeyed the law. Hence the question of his contributory negligence was not entirely eliminated from the case and it was not improper to give an instruction reflecting defendant's theory of that issue. Although the instruction under consideration does not advise the jurors of the effect of violating the ordinance, it was immediately followed by instructions to the effect that driving while intoxicated is unlawful (Veh. Code, § 502) and negligent. And the plain inference from the one under discussion was that violation of the ordinance would spell negligence. The driver's conduct having been covered by the instruction on section 502, the ordinance provisions would have pertinence primarily to Royko's conduct,—negligence on his part. There was substantial evidence that he, as well as Lambert, was intoxicated, and hence his riding on the highway while in such condition might well constitute negligence on his part (see 7 Cal.Jur.2d § 340, p. 241; *Mann* v. *Chase,* 41 Cal.App.2d 701, 703 [107 P.2d 498]), which negligence might or might not have been a contributing cause of the accident,—proximate cause being also a question of fact.

We find no miscarriage of justice at bar.

Judgment affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied February 14, 1957, and appellants' petition for a hearing by the Supreme Court was denied March 20, 1957. Gibson, C. J., Carter, J., and Traynor, J., were of the opinion that the petition should be granted.