2 P.3d 315

2000-NMSC-014

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Carlos A. ANTILLON, Defendant– Appellant.**

**No. 23,796.**

Supreme Court of New Mexico.

Dec. 30, 1999.

Rehearing Denied May 10, 2000.

See also 2 P.3d 264.

Patricia A. Madrid, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, for State of New Mexico.

Phyllis H. Subin, Chief Public Defender, C. David Henderson, Assistant Appellate Defender, Susan Gibbs, Assistant Appellate Defender, Santa Fe, for Carlos A. Antillon.

## OPINION

FRANCHINI, Justice.

{1} Carlos Antillon was arrested for trafficking in controlled substances. The State forfeited his vehicle and he then pleaded guilty to criminal charges. When he appealed the criminal conviction on double-jeopardy grounds, the trial court did not permit him to perfect the record by including materials related to the forfeiture. We remand so that Antillon may perfect the record and we order that his conviction be vacated in accordance with our holding in *State v. Nunez,* No. 23,-796, 2000–NMSC–013, ¶ 114, 129 N.M. 63, 2 P.3d 264, which is filed concurrently with this opinion.

## I. FACTS

{2} This case was appealed to the Court of Appeals. On August 1, 1996, that Court certified this case to us along with several other cases that questioned whether civil forfeiture under the Controlled Substances Act is punishment for double-jeopardy purposes. We entered an order on August 19, 1996, accepting certification and consolidating the cases under a single docket number. The double jeopardy question is addressed in *State v. Nunez*. Because this case raises an issue distinct from the subject matter of *Nunez*, we now sever it and issue a separate opinion.

{3} Carlos Antillon was arrested on April 27, 1995, and, on May 11, 1995, was charged with possession of marijuana with intent to distribute. *See* NMSA 1978, § 30–31–22(A)(1)(a) (1990) (prohibiting distribution of marijuana). Antillon pleaded guilty to the charge on August 29, 1995, and a judgment was entered in October 1995. *See State v. Antillon*, No. CR 95–43 (N.M.Dist.Ct. Oct. 2, 1995) (Judgment and Suspended Sentence).

{4} Antillon claims that the State seized his 1988 Chevrolet S–10 pickup truck in which he was transporting the marijuana and filed a petition for forfeiture on May 9, 1995. Prior to his guilty plea in the criminal prosecution, a default forfeiture judgment was entered on July 28, 1995. The record, however, contains copies of neither the forfeiture complaint nor the forfeiture judgment and sentence. Antillon moved to supplement the record proper to include the forfeiture materials. The district court denied the motion, stating that "[t]he time for appeal on the civil forfeiture matter has expired." *State v. Antillon*, No. CR 95–42, at 2 (N.M.Dist.Ct. Feb. 26, 1996) (Order Denying Motion to Perfect Record Proper for Appeal) [hereinafter *Denial of Mot. to Perfect*].

{5} Antillon appeals his criminal conviction on double-jeopardy grounds. We remand this case to the district court to permit Antillon the opportunity to perfect the record. We also order that, upon the perfection of the record, his criminal conviction be reversed in accordance with the holding of *State v. Nunez*, 2000–NMSC–013, ¶ 114, 129 N.M. 63, 2 P.3d 264, in which we concluded that civil forfeiture under the Controlled Substances Act, NMSA 1978, §§ 30–31–1 to –41 (1972, as amended through 1997), is punishment for the purposes of the New Mexico Double Jeopardy Clause, N.M. Const. art. II, § 15. As explained in *Nunez*, Antillon's guilty plea to the criminal charges and the fact that he made no appearance at the forfeiture proceeding will have no effect upon his double-jeopardy claims. *Id.* ¶¶ 92–100.

## II. ANTILLON'S ATTEMPTS TO PERFECT THE RECORD

{6} In New Mexico, "[t]he defense of double jeopardy may not be waived and may be raised by the accused at any stage of a criminal prosecution, either before or after judgment." NMSA 1978, § 30–1–10 (1963). However, such a defense must be supported by a factual basis in the record. *See State v. Wood*, 117 N.M. 682, 687, 875 P.2d 1113, 1118 (Ct.App.1994). The State contends that Antillon's appeal should be dismissed because the record does not contain copies of either the forfeiture complaint or the judgment and sentence forfeiting the 1988 Chevrolet S–10 pickup truck. Without proof in the record of both his criminal conviction and his civil forfeiture, there is no basis for Antillon's argument that he was twice placed in jeopardy. We may not review matters that are outside the record. *See State v. Romero*, 87 N.M. 279, 280, 532 P.2d 208, 209 (Ct.App.1975) (refusing to review trial court's refusal to grant motion to suppress because record did not include transcript of hearing on that motion).

{7} Antillon made a motion to the trial court to supplement the record with these documents, but the motion was denied. *See Denial of Mot. to Perfect*, at 2. Antillon did not appeal the order denying this motion, and these documents were never made part of the record before this Court. For these reasons, the State urges us to dismiss Antillon's case.

{8} The district court's denial of Antillon's motion to perfect the record raises several troubling questions. We first note that the reason the trial court denied Antillon's motion to perfect the record appears to have

been because "[t]he time for appeal on the civil forfeiture matter has expired." *Id.* at 2. The court's rationale is perplexing and unresponsive because Antillon was appealing his criminal conviction and not "the civil forfeiture matter." He filed the January 1996 motion to perfect the record because he needed the forfeiture documents to support his double-jeopardy defense to his criminal conviction—a defense he had earlier raised in his November 1995 docketing statement filed with the Court of Appeals.

{9} Second, the claim that the time for appeal had expired also appears to miss the mark. A notice of appeal must "be filed within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office." Rule 12–201(A) NMRA 1999. The default forfeiture judgment was filed on July 28, 1995. However, the judgment in the criminal case was not filed until October 2, 1995. That same day, Antillon's notice of appeal in the criminal case was mailed to the Court of Appeals. Antillon never appealed the civil forfeiture but he did timely file his appeal of the criminal judgment.

{10} Third, the trial court's concern that the time for appeal had passed is also misplaced in light of Section 30–1–10, which declares that the defense of double jeopardy "may be raised by the accused at any stage of a criminal prosecution, either before or after judgment." *See also State v. Edwards,* 102 N.M. 413, 415, 696 P.2d 1006, 1008 (Ct. App.1984) (defense of double jeopardy can be raised for the first time on appeal). On November 7, 1995, Antillon filed his docketing statement with the Court of Appeals, which is the first appearance in the record of the double-jeopardy issue. Antillon could not have raised a double-jeopardy claim until he was twice placed in jeopardy. Jeopardy attached in the civil forfeiture when the default judgment was filed on July 24, 1995, and in the criminal conviction when the court accepted the guilty plea on August 29, 1995. *Nunez,* 2000–NMSC–013, ¶¶ 28–31, 129 N.M. 63, 2 P.3d 264 (discussing the moments when jeopardy attaches in both criminal and civil actions). This August date is the earliest point at which Antillon would have been sub-

jected to double jeopardy, although as explained above, his thirty-day time limit in which to file an appeal did not begin until the criminal judgment was filed in October.

{11} Fourth, we are concerned with the unfairness of the court's denial of Antillon's motion to perfect. In accordance with his responsibility to include the forfeiture documents into the record, Antillon, in the second week of January 1996, filed with the district court a motion to perfect the appellate record. *See Nichols v. Nichols,* 98 N.M. 322, 325, 648 P.2d 780, 783 (1982) (appellant bears primary burden of properly preparing the record on appeal); *State ex rel. State Highway Comm'n v. Sherman,* 82 N.M. 316, 318, 481 P.2d 104, 106 (1971); *Westland Dev. Co. v. Saavedra,* 80 N.M. 615, 618, 459 P.2d 141, 144 (1969). A few days later, on January 16, 1996, Antillon filed two documents with the Court of Appeals: a "Defendant–Appellant's Motion to Supplement Record on Appeal" and an "Amendment to Defendant–Appellant's Motion to Supplement Record on Appeal." As indicated above, the district court denied the motion to perfect. *See Denial of Mot. to Perfect,* at 2. There is nothing in the record to indicate the disposition of the Motion and Amendment submitted to the Court of Appeals.

{12} These thwarted attempts by Antillon to perfect the record raise fundamental issues. Since, under Section 30–1–10, the defense of double jeopardy cannot be waived, and since, in many cases, double jeopardy can only be raised for the first time on appeal, it is unjust to prevent the defendant from including evidence relevant to that defense in the record proper. The New Mexico Constitution does not permit such a result. Because it is in the interest of justice to allow the parties to properly present their claims on appeal, the court rule regarding the correction or modification of the record proper is broadly worded:

> If anything material to either party is omitted from the record proper by error or accident, the parties by stipulation, or the district court or the appellate court on motion or on its own initiative, may direct that the omission be corrected, and a sup-

plemental record proper transmitted to the appellate court.

Rule 12–209(C) NMRA 1999. The trial court erred in denying Antillon's motion to introduce evidence relevant to his double-jeopardy claim.

### III. NO DISPUTE AS TO THE EXISTENCE OF THE MISSING DOCUMENTS

{13} Although the record is missing the forfeiture complaint and the judgment and sentence of forfeiture, the existence of the forfeiture action is not at all speculative. In its Order Denying Motion to Perfect Record Proper for Appeal, which comes to us as a supplemental record proper, the district court made specific findings regarding the forfeiture against Antillon:

1. The State filed a Petition for Forfeiture seeking forfeiture of Defendant's vehicle on May 9, 1995;

. . . .

3. The Petition for Forfeiture was served on Defendant on May 11, 1995;

4. On July 24, 1995, the Clerk of District Court entered a Certificate as the State of the Record certifying that Defendant had failed to enter an appearance or otherwise respond to the Petition;

5. On July 24, 1995, the State filed a Motion for Default Judgment against the Defendant;

6. On July 28, 1995, the court entered the Default Judgment in favor of the State;

. . . .

*Denial of Mot. to Perfect*, at 1–2. The State disputes none of these findings.

{14} In the past we have supplied by inference facts that are omitted from the record, with the proviso that none of the parties have disputed the facts in question. For example, *Nichols v. Nichols* concerned a divorce in which the trial court, upon the motion of the husband, set aside its first judgment and issued a new judgment. The record on appeal contained no motion to set aside the first judgment, no transcript of the hearing to reconsider, and no order to vacate that judgment. *Nichols*, 98 N.M. at 324, 648 P.2d at 782.

{15} The husband submitted to this Court a motion asking us to order the district court to correct the record. *Id.* at 324–25, 648 P.2d at 782–83. We denied his motion, reasoning that there were several expedient procedural mechanisms the husband could have used to perfect the record without asking us to compel the district court to do so. *Id.* at 325, 648 P.2d at 783. Nevertheless, we concluded that "[t]he fact that the record does not reflect that Husband timely filed a motion against the first judgment is not fatal." *Id.* at 326, 648 P.2d at 784. We found circumstantial evidence of the second judgment in the pleadings submitted by the parties:

[I]n their supplemental briefs, both parties, while not agreeing on much else, do state that they both met with the trial judge on January 19, 1981, and that at the close of their meeting the judge requested that they submit new proposed findings of fact and conclusions of law. "[T]he express . . . admissions of the briefs may be recognized as properly filling a hiatus in the transcript." [*Royko v. Griffith Co.*, 147 Cal.App.2d 770, 306 P.2d 36, 40 (Cal. Ct.App.1957).] We therefore deem it established for the purposes of this appeal that there was a January hearing at which the trial court requested the parties to submit new findings and conclusions.

*Id.*

{16} In Antillon's case, evidence of the forfeiture proceedings are included in the supplemental record proper in the form of express findings set forth in an order of the trial court. Such evidence is even more substantial than the inferences drawn from the briefs in *Nichols*. In light of such evidence it would be unjust to conclude that no forfeiture occurred.

### IV. CONCLUSION

{17} Because there is no dispute among the parties as to the existence of the forfeiture proceedings, because there is strong circumstantial evidence in the record of the time and disposition of those proceedings, because the double-jeopardy defense can be raised for the first time on appeal and the evidence related to that defense can there-

fore not be excluded from the record on appeal, because the trial court improperly denied the motion to perfect the record, and because the missing evidence concerns a fundamental right which cannot be waived, we conclude Antillon should be permitted to raise his double-jeopardy defense.

{18} However, we are mindful of the principles that require any facts before us to be established by the record. *See Sherman*, 82 N.M. at 317, 481 P.2d at 105; *Westland*, 80 N.M. at 618, 459 P.2d at 144. Therefore, in the interests of judicial expediency, we remand this case so that Antillon may provide the required forfeiture documents to the district court, at which time his criminal conviction is to be reversed as required by our holding in *State v. Nunez*, 2000–NMSC–013, ¶ 114, 129 N.M. 63, 2 P.3d 264.

{19} **IT IS SO ORDERED.**

MINZNER, C.J., and THOMAS A. DONNELLY, J., New Mexico Court of Appeals (sitting by designation), concur.

BACA, J. and SERNA, JJ., Dissent.

SERNA, Justice (dissenting).

{20} I must respectfully **DISSENT.** As demonstrated in depth in my dissent in *State v. Nunez*, 2000–NMSC–013, 129 N.M. 63, 2 P.3d 264, I disagree with the analysis and conclusions of the majority regarding forfeiture. Assuming Defendant showed that a default judgment exists, a default judgment does not constitute punishment because the property is ownerless or abandoned. Further, even if Defendant had established his ownership of the vehicle in a forfeiture proceeding, I do not believe it constitutes punishment for purposes of double jeopardy. Thus, I would affirm his conviction, and I believe it is unnecessary to remand to the district court.

{21} I therefore, respectfully, **DISSENT.**

BACA, J., concurs.