This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                     **NO. 29,121**

**ESTEBAN P. ROMERO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Nancy M. Hewitt, Assistant Appellate Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

After a jury trial, Defendant was found guilty of kidnapping in the first degree, contrary to NMSA 1978, Section 30-4-1(A)(4) (2003), and misdemeanor battery against a household member, contrary to NMSA 1978, Section 30-3-15 (2007) (amended 2008). On appeal, Defendant makes four arguments: (1) there was insufficient evidence to support the kidnapping conviction; (2) the admission of Defendant's statements made to the victim during the commission of the crime should have been excluded because Defendant was speaking to an attorney at the time these statements were made; (3) the prosecutor improperly made comments about facts not in evidence during closing arguments; and (4) "physical injury" should have been defined in the instructions to the jury. We affirm.

**BACKGROUND**

The parties are well aware of the factual background and have cited to it in their briefs. The incident occurred on January 18, 2008, when Defendant arrived at the Las Cruces workplace of his girlfriend, Angelica Muñoz (Victim), and forced her to go with him to El Paso. During the incident, Defendant struck Victim several times in the face. Because this is a memorandum opinion and because the parties are familiar with the factual and procedural background, we do not provide a detailed summary here. We shall address the relevant background information in connection with each issue discussed.

**DISCUSSION**

**Sufficiency of the Evidence for Kidnapping**

Defendant argues that there was insufficient evidence for his kidnapping conviction because no competent evidence supported the conviction. Specifically, Defendant contends that Victim's statements were inconsistent and that the sole basis for the conviction was the police officer's hearsay testimony that Victim said that she was afraid of Defendant.

"The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Riley*, 2010-NMSC-005, ¶ 12, 147 N.M. 557, 226 P.3d 656 (internal quotation marks and citation omitted). "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986). When evaluating a sufficiency claim, "we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "We do not reweigh the evidence or substitute our judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Gipson*, 2009-

3

NMCA-053, ¶ 4, 146 N.M. 202, 207 P.3d 1179. Finally, we do not consider the merit of evidence that may have supported a different result. *Id.*

The district court instructed the jury that the State had to prove beyond a reasonable doubt the following elements in order to find Defendant guilty of kidnapping:

1. [D]efendant took, restrained, confined, or transported [Victim] by force, intimidation, or deception;

2. [D]efendant intended to inflict physical injury on [Victim];

3. This happened in New Mexico on or about the 18th day of January, 2008.

*See* UJI 14-403 NMRA.

Testimony from multiple witnesses provided substantial evidence that "[D]efendant took, restrained, confined, or transported [Victim] by force, intimidation, or deception" in New Mexico on or about January 18, 2008. Liliana Garcia testified that Defendant walked into Victim's workplace and took Victim, restrained Victim by holding his arms around her, pushed Victim into a car, and began hitting Victim on January 18, 2008. Ms. Garcia further testified that Victim looked scared. Vickie Reyes testified that Defendant pushed Victim against a wall and held Victim really tightly while Victim moved her arms in an effort to free herself. Victim similarly testified that Defendant put his arms around her from behind kept holding her as they

4

walked through the hallway and to the car, put his hand on top of her head and pushed her into the car, and hit her with his fist about four times. Victim further testified that Defendant started driving while Victim was trying to calm him down and that he drove to El Paso after Victim told him that the police were going to be looking for him. As a result, even without considering any of the testimony that Defendant alleges was inadmissible hearsay or prior inconsistent statements, we conclude that substantial evidence was presented that Defendant took, restrained, confined, or transported Victim by force or intimidation in New Mexico on or about January 18, 2008.

Furthermore, testimony from multiple witnesses provided substantial evidence that Defendant intended to inflict physical injury on Victim. Victim testified that Defendant hit her with his fist about four times, and Liliana Garcia similarly testified that she observed Defendant hitting Victim with his fist. Eight photographs were admitted into evidence, which Victim identified as showing bruises inflicted on her by Defendant. Finally Detective Mark Myers testified that he took a recorded statement from Victim while she was being treated in the hospital following the incident. Detective Myers observed that the left side of Victim's face exhibited "a lot of blunt force trauma," Victim's mouth was swollen, Victim's right cheek was puffy and swollen, and Victim had some bruising on the left side of her body.

Consequently, we conclude that substantial evidence was presented that Defendant intended to inflict physical injury on Victim. As a result, we conclude that sufficient evidence supported Defendant's conviction for kidnapping.

**Admission of Defendant's Statements During Incident While Speaking with an Attorney**

Defendant argues the district court improperly permitted the State, over Defendant's objections, to elicit testimony from Victim regarding a phone call made by Defendant to his attorney during the course of the alleged kidnapping. While driving to El Paso on the date of the incident, Defendant received two text messages from his mother stating that the police were looking for him and providing a phone number for his attorney with a request to call him. Defendant called his attorney and stated "that [Victim was] okay." Defendant then told Victim that his attorney said, "[C]all work and tell them you're doing okay, or call your family and tell them you're okay[.]" Defendant objected to this testimony on hearsay grounds and because "it taints the jury's perception of [his attorney's] role as [Defendant's] counsel."

"The admission or exclusion of evidence is within the sound discretion of the district court[, and] that judgment will be set aside only on a showing of abuse of discretion." *State v. Barr*, 2009-NMSC-024, ¶ 29, 146 N.M. 301, 210 P.3d 198. We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Casillas*, 2009-

6

NMCA-034, ¶ 24, 145 N.M. 783, 205 P.3d 830 (internal quotation marks and citation omitted). We will not reverse a district court's determination regarding the admissibility of evidence absent a clear abuse of discretion. *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

Defendant now argues that the district court's decision to allow this testimony violated his right to counsel under the United States Constitution and the New Mexico Constitution, thereby depriving him of a fair trial. U.S. Const. amend. VI; N.M. Const. art. II, § 14. Defendant did not present his hearsay argument on appeal, and we deem it abandoned. *See State v. Gee*, 2004-NMCA-042, ¶ 25, 135 N.M. 408, 89 P.3d 80 (recognizing that arguments that are not briefed on appeal are deemed abandoned). Defendant suggests that we view this case as analogous to cases where counsel comments on a defendant's invocation of a right to counsel during interrogation or his right to remain silent at trial. *See, e.g.*, *State v. Gutierrez,* 2007-NMSC-033, ¶ 11, 142 N.M. 1, 162 P.3d 156 (reiterating "the general rule forbidding a prosecutor from commenting on a defendant's silence or introducing evidence of silence" (internal quotation marks and citation omitted)); *State v. Isiah*, 109 N.M. 21, 24-25, 781 P.2d 293, 296-97 (1989) (addressing comments by the prosecution on a defendant's post-arrest silence after being in police custody), *overruled on other grounds by State v. Lucero*, 116 N.M. 450, 863 P.2d 1071 (1993);

*State v. Hennessy*, 114 N.M. 283, 285-86, 837 P.2d 1366, 1368-69 (Ct. App. 1992) (analyzing the reasons for deterring prosecutors from commenting on a defendant's post-arrest silence), *overruled on other grounds by Lucero*, 116 N.M. 450, 863 P.2d 1071. We do not agree with Defendant's expansion of these well-established doctrines to the facts in this case. The district court did not abuse its discretion when it allowed Defendant's statements that he made during the kidnapping incident to be admitted into evidence even though he may have been speaking with an attorney in the presence of Victim while driving to El Paso.

First, Defendant did not preserve his claimed constitutional arguments at trial. *See* Rule 12-216(A) NMRA (stating that in order to preserve an issue for review, "it must appear that a ruling or decision by the district court was fairly invoked"); *see also State v. Silva*, 2008-NMSC-051, ¶¶ 9-10, 144 N.M. 815, 192 P.3d 1192 (concluding that in order to preserve a Sixth Amendment issue, the defendant must raise the issue with sufficient specificity to alert the district court to the nature of the claimed error). Although Defendant objected regarding hearsay and tainting the jury's perception as to the role of counsel, Defendant did not argue that allowing the testimony would violate Defendant's constitutional rights generally, nor did Defendant specifically argue that his Sixth Amendment or Article II, Section 14 rights would be infringed. Furthermore, the record reflects that the district court overruled

8

the objection on the ground that an exception to the hearsay rule applied without addressing constitutional issues. Consequently, Defendant did not preserve his Sixth Amendment and Article II, Section 14 claims. *See Silva*, 2008-NMSC-051, ¶¶ 9-10 (concluding that the defendant's inquiry into the scope of cross-examination did not preserve his Sixth Amendment claim where the defendant did not either specifically or generally alert the trial court to the constitutional issue).

In addition, "[t]he Sixth Amendment right to counsel does not attach . . . until judicial proceedings have been initiated against the suspect, such as by way of indictment or preliminary hearing." *State v. Javier M.*, 2001-NMSC-030, ¶ 45, 131 N.M. 1, 33 P.3d 1 (alterations omitted) (internal quotation marks and citation omitted). Furthermore, the Sixth Amendment and Article II, Section 14 protections of the confidentiality between an attorney and his or client "attach[] . . . only where the parties intend that the communication be confidential and under circumstances wherein the communication between a defendant and his attorney can reasonably be expected to be confidential." *State v. Coyazo*, 1997-NMCA-029, ¶ 19, 123 N.M. 200, 936 P.2d 882. Here, it is undisputed that this telephone conversation occurred during the alleged kidnapping while Defendant was neither in custody nor charged with any crime. Additionally, Defendant's decision to speak with an attorney during the course of the incident and in the presence of Victim was his own volitional act. We see no

reason to extend our Sixth Amendment authority to cover such circumstances, especially without any authority provided by Defendant that would recognize such an expansion of the Sixth Amendment or Article II, Section 14 of the New Mexico Constitution. *See State v. Vaughn*, 2005-NMCA-076, ¶ 42, 137 N.M. 674, 114 P.3d 354 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

Finally, Defendant cannot possibly claim attorney-client privilege because he voluntarily disclosed the information in the presence of a third party. *See* Rule 11-511 NMRA (stating that the holder of the attorney-client privilege may waive the privilege by voluntarily disclosing or consenting to the disclosure of "any significant part of the matter or communication"). We therefore affirm the district court's decision to permit direct examination of Victim on this issue.

**Prosecutorial Misconduct in Arguing Facts not in Evidence During Closing Arguments**

Defendant argues that the district court improperly allowed the State to argue facts not admitted into evidence during closing arguments. Specifically, Defendant contends that it was improper for the State to argue that Victim testified that Defendant said he "did not want to shoot [Victim] or the cop."

"Prosecutorial misconduct occurs when the prosecutor's improprieties had such a persuasive and prejudicial effect on the jury's verdict that the defendant was

10

deprived of a fair trial." *State v. O'Neal*, 2008-NMCA-022, ¶ 29, 143 N.M. 437, 176 P.3d 1169 (internal quotation marks and citation omitted). Where error is preserved at trial, an appellate court will review a claim of prosecutorial misconduct under an abuse of discretion standard. *State v. Sosa*, 2009-NMSC-056, ¶ 26, 147 N.M. 351, 223 P.3d 348. If counsel failed to preserve the error, this Court is limited to a fundamental error review. *State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807. "In both instances, however, [this Court] must determine whether the relative weight of the error meets the threshold required to reverse a conviction." *Sosa*, 2009-NMSC-056, ¶ 26.

During closing argument, the State asserted that Victim testified that she remembered telling Detective Myers that "[D]efendant told [Victim] that he would end up shooting [Victim] and a cop." Victim's testimony at trial regarding this statement was as follows:

Q. You told the detective you had the feeling that [Defendant] was going to kill you or beat you up or something, correct?

A. Yes.

Q. You told the detective that [Defendant] told you not to run when he was out of the car because he was going to get you?

A. Yes.

Q. He told you he didn't want the police involved because *he didn't want to have to shoot you and a cop*?

11

A.    Yes.

(Emphasis added.)

Although Defendant argues that these facts were not in evidence, they were part of Victim's direct testimony and were admitted without objection by Defendant.  As a result, we conclude that Defendant's argument is unsupported by the record and decline to further consider his argument on appeal.  *See State v. Salazar*, 2006-NMCA-066, ¶ 19, 139 N.M. 603, 136 P.3d 1013 (declining to further consider the defendant's argument where it was not supported by the record); *see also Duffy*, 1998-NMSC-014, ¶ 56 (reasoning that no prosecutorial misconduct occurs where the prosecutor's remarks during closing arguments are "based upon the evidence and the fair and reasonable inferences to be drawn therefrom" (internal quotation marks and citation omitted)).  We conclude that the district court did not abuse its discretion by allowing the State to comment upon Victim's testimony during closing arguments.

**Jury Instruction Regarding Physical Injury**

Defendant asserts that the district court erred by failing to provide a jury instruction defining "physical injury."  Defendant raised this jury instruction issue for the first time in a post-trial motion for a new trial.  Defendant did not object to the jury instructions at trial or alert the district court to his concerns prior to the verdict in this matter.

The standard of review we apply to jury instructions depends on whether the issue has been preserved. Because the error was not preserved at trial, Defendant concedes that we must review the jury instructions for fundamental error. *See Cunningham*, 2000-NMSC-009, ¶ 8. The task of appellate courts "is to determine whether a reasonable juror would have been confused or misdirected by the jury instruction." *Id.* ¶ 14 (internal quotation marks and citation omitted). Based upon our review, we determine that no fundamental error occurred.

As a preliminary matter, it is Defendant's burden to submit all material evidence in the record for appellate review regarding the issues he raises on appeal. *See State v. Antillon*, 2000-NMSC-014, ¶ 11, 129 N.M. 114, 2 P.3d 315 (recognizing that the appellant bears the burden of submitting an adequate record on appeal). The State admitted photographic exhibits that showed Victim's physical injuries, but Defendant failed to submit these photographs as part of the appellate record. Consequently, where the record is deficient, every presumption will be made in favor of the State regarding the physical injuries inflicted upon Victim during the kidnapping as such would be reflected by these photographic exhibits. *See State v. LeFebre*, 2001-NMCA-009, ¶ 25, 130 N.M. 130, 19 P.3d 825 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the lower court's judgment.")

(internal quotation marks and citation omitted).

"Where the issue is the failure to instruct on a term or word having a common meaning, there is no error in refusing an instruction defining the word or term." *State v. Munoz*, 2006-NMSC-005, ¶ 24, 139 N.M. 106, 129 P.3d 142 (internal quotation marks and citation omitted). Because the phrase "physical injury" is self-explanatory and has an understandable and common meaning, there was no need for further definition. *See id.* (concluding that the district court did not err by failing to instruct the jury regarding the meaning of "protracted period of time" because the term "is self-explanatory and has an understandable and common meaning"); *see also State v. Gonzales*, 112 N.M. 544, 553, 817 P.2d 1186, 1195 (1991) (concluding that no error occurred by not defining "help," "cause," and "encourage" for the jury because they are words with common meanings). Furthermore, during closing argument, Defendant conceded that he "hit [Victim] bad" and that a battery occurred as demonstrated by the admitted photographs, but argued that Defendant did not intend to take Victim for the purpose of inflicting physical injury on her. We conclude that no error occurred because "physical injury" is not a technical term and based upon the evidence, the jury could properly apply the common meaning of "physical injury." *See Munoz*, 2006-NMSC-005, ¶ 24.

In addition, under our fundamental error analysis, even if we were to assume

14

without deciding that an error occurred, we must still "review the entire record, placing the jury instructions in the context of the individual facts and circumstances of the case, to determine whether [D]efendant's conviction was the result of a plain miscarriage of justice." *State v. Sandoval*, 2011-NMSC-022, ¶ 20, ___ N.M. ___, ___ P.3d ___ (internal quotation marks and citation omitted). Defendant fails to provide any argument or authority that a plain miscarriage of justice occurred, and we decline to further address Defendant's fundamental error argument on appeal. *See State v. Torres*, 2005-NMCA-070, ¶ 34, 137 N.M. 607, 113 P.3d 877 (stating that this Court will not address issues unsupported by argument and authority). As a result, we conclude that the failure to instruct the jury regarding the meaning of "physical injury" did not constitute fundamental error.

**CONCLUSION**

For the foregoing reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**


_____

**CYNTHIA A. FRY, Judge**