| WARNER V. WALLACE |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**DAVID WARNER,**
**Plaintiff-Appellant,**
**v.**
**CAROLYNE WALLACE, MICHAEL KINGSMORE, BECKY EWING, JUDY VAN WINKLE, CHARLES E. HAWTHORNE, EVELYN D. SAPPINGTON, and CHRIS STETTHEIMER,**
**Defendants-Appellees.**

Docket No. A-1-CA-35836
COURT OF APPEALS OF NEW MEXICO
May 29, 2019

APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY, Kea W. Riggs, District Judge

**COUNSEL**

David Warner, Roswell, NM Pro Se Appellant

Carolyne Wallace, Michael Kingsmore, Becky Ewing, Charles E. Hawthorne, Ruidoso, NM, Pro Se Appellees

Judy Van Winkle, Ruidoso Downs, NM, Pro Se Appellee

William N. Griffin, Ruidoso, NM for Appellees Sappington and Stettheimer.

**JUDGES**

KRISTINA BOGARDUS, Judge. WE CONCUR: JENNIFER L. ATTREP, Judge, JACQUELINE R. MEDINA, Judge

**AUTHOR:** KRISTINA BOGARDUS

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Plaintiff David Warner appeals from the district court's dismissal, with prejudice, of his amended complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, we hold that the district court erred in dismissing Plaintiff's amended complaint as to Defendants Carolyne Wallace, Charles Hawthorne, Becky Ewing, Michael Kingsmore, and Judy Van Winkle, but that the district court did not err in dismissing Plaintiff's amended complaint as to the remaining Defendants. Accordingly, we reverse the dismissal as to Defendants Wallace, Hawthorne, Ewing, Kingsmore, and Van Winkle and remand for further proceedings.

## BACKGROUND

**{2}** Defendants Evelyn Sappington and Chris Stettheimer are the only Defendants who have participated on appeal. Neither Plaintiff nor the participating Defendants provided this Court with detail regarding the facts and circumstances that compelled Plaintiff to file the lawsuit at issue in this appeal. Our description of the relevant events is gleaned from the allegations found in Plaintiff's amended complaint, the district court's March 16, 2015 order of dismissal, and documents attached thereto.

**{3}** Approximately four years before Plaintiff filed his complaint, Defendants Wallace and Hawthorne were involved in a legal proceeding seeking to limit Plaintiff's protests in the Village of Ruidoso and claimed that Plaintiff's actions were hurting Wallace's business sales. Defendant Wallace, represented by Defendant Hawthorne, filed an application for a temporary restraining order and permanent injunction (the Wallace Complaint) to restrain Plaintiff's protest activities. In the Wallace Complaint, Defendant Wallace, owner of the Bizarre Barbie Boutique, alleged that Plaintiff's protest activities were driving down her sales and discouraging potential customers from shopping at her store. Defendants Ewing and Kingsmore were involved in the underlying injunctive proceeding by testifying at the hearing on the matter, and Defendant VanWinkle was also involved, by seeking to quash a subpoena issued in the underlying proceeding. The remaining Defendants signed a petition filed with the Village of Ruidoso in support of a restraining order.

**{4}** In response to the Wallace Complaint, the district court issued a temporary restraining order and, after a hearing on the matter, issued a preliminary injunction limiting Plaintiff's protest activities to one hour per day and to the area in front of the Four Seasons Mall in Ruidoso. At the hearing, Defendants Wallace, Ewing, and Kingsmore testified to loss of business due to Plaintiff's activities; in response, Plaintiff issued subpoenas to the Defendants seeking financial records supporting their allegations. Defendant Van Winkle did not testify but received a subpoena, apparently because she was the owner/agent of one of the businesses that claimed loss of business due to Plaintiff's activities, and obtained the services of Defendant Hawthorne to attempt to quash the subpoena. The recipient Defendants then moved to quash the subpoenas. Soon thereafter, Defendant Wallace moved to dismiss the Wallace Complaint, and the district court granted the motion. Approximately four years after the preliminary injunction was dismissed, Plaintiff filed a complaint for civil damages against

Defendants, and approximately two months later, filed the amended complaint at issue in this appeal.

**{5}**    In his amended complaint, Plaintiff alleges that Defendant Hawthorne filed the Wallace Complaint "without investigating the legitimacy of the allegations or evidence of proof" and without probable cause. Plaintiff further alleges that Defendant Hawthorne made misrepresentations to the district court. Plaintiff alleges that Defendant Wallace filed the Wallace Complaint in order to stop his free speech activities, to remove him from a public venue, or to harass him. Plaintiff also alleges that Defendant Wallace made intentional and/or reckless misrepresentations to the district court. Further, Plaintiff alleges that Defendant Wallace misused process by moving to quash subpoenas and dismissing the Wallace Complaint, actions that had the effect of denying him discovery in the matter. Plaintiff alleges that Defendants Ewing, Kingsmore, and Van Winkle acted in concert with Defendant Wallace to have the subpoenas quashed and that Defendants Ewing and Kingsmore made misrepresentations to the district court that "were intentional, untrue, known to be untrue or were recklessly made[.]"

**{6}**    Finally, Plaintiff alleges that the remaining Defendants who signed the petition for a restraining order—Charlotte Stombrough, Evelyn Sappington, Rene Rudolph, Connie Hall, Chris Stettheimer, Nancy Stokes, Daniel Woods, Tina Barker, Vickie Maveety, Brian Higdon, Coco Fickel, Sandra Hardwick, Helen Maynard, and Arlene Layne (collectively, Petition Signers)—acted with Defendant Wallace in promoting the "frivolous action" instituted by the Wallace Complaint. Plaintiff alleges that he was damaged by the actions of Defendants, including by being put in "extreme duress" and experiencing "severe mental and emotional distress[.]"

**{7}**    Two of the Petition Signers, Defendants Sappington and Stettheimer, filed Rule 1-012(B)(6) NMRA motions to dismiss Plaintiff's amended complaint for failure to state a claim upon which relief could be granted.[1] After a hearing on the motion, the district court dismissed with prejudice the amended complaint against all the Petition Signers; the court found Plaintiff's allegations against them insufficient to state a claim for a grant of relief. Approximately one year later, at the close of a hearing on pending motions and case status, the district court sua sponte dismissed with prejudice Plaintiff's amended complaint against the remaining Defendants concluding that the allegations in Plaintiff's amended complaint failed to state a claim upon which relief could be granted.

## DISCUSSION

**{8}**    Plaintiff, appearing pro se, raises six issues on appeal, many of which appear overlapping or duplicative. "Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 (citation

---

[1] Defendant Hawthorne also filed a Rule 1-012(B)(6) motion to dismiss; however, it was in reference to Plaintiff's second amended complaint. We note that the record does not reflect Plaintiff's second amended complaint was filed. For that reason, we do not address Defendant Hawthorne's motion.

omitted). This Court will review pro se arguments to the best of its ability, but cannot respond to unintelligible arguments. *See Clayton v. Trotter*, 1990-NMCA-078, ¶¶ 12-17, 110 N.M. 369, 796 P.2d 262 (declining to address a pro se party's unintelligible and unascertainable arguments).

{9}      Having reviewed Plaintiff's arguments, we believe they can be grouped into three categories and summarized as follows. First, the district court erred in sua sponte dismissing the amended complaint against Defendants Wallace, Hawthorne, Ewing, Kingsmore, and Van Winkle. Concluding this was error, we need not determine whether Plaintiff has stated a claim for malicious abuse of process or civil conspiracy against these Defendants. Second, the district court erred in dismissing the Petition Signers because the facts pleaded in the complaint sufficiently allege civil conspiracy. Relatedly, the district court erred in dismissing the complaint against *all* the Petition Signers because not all these Defendants moved for dismissal under Rule 1-012(B)(6) and some were not present at any of the hearings. Third, this Court should "perfect the record proper" due to inadvertent or intentional errors contained therein.

## I.      The District Court's Dismissal of Plaintiff's Amended Complaint

{10}    The district court first dismissed the claims against the Petition Signers for civil conspiracy and then sua sponte dismissed the amended complaint against the remaining Defendants for malicious abuse of process and civil conspiracy. We first set out the standard of review for dismissal for failure to state a claim, then address the district court's sua sponte dismissal, and finally address the dismissal of the Petition Signers.

## A.      Standard of Review

{11}    Whether the district court properly dismissed Plaintiff's claims is a question of law, which we review de novo. *Valdez v. State*, 2002-NMSC-028, ¶ 4, 132 N.M. 667, 54 P.3d 71. "In reviewing a [district] court's decision to grant a motion under Rule 1-012(B)(6) . . ., we accept as true all facts properly pleaded." *Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, ¶ 2, 131 N.M. 272, 34 P.3d 1148. "A motion to dismiss for failure to state a claim . . . tests the legal sufficiency of the complaint[.]" *Derringer v. State*, 2003-NMCA-073, ¶ 5, 133 N.M. 721, 68 P.3d 961. We require only that "the essential elements prerequisite to the granting of the relief sought can be found or reasonably inferred" from the complaint. *Id.* "A complaint should not be dismissed unless there is a total failure to allege some matter essential to the relief sought." *Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 4, 142 N.M. 437, 166 P.3d 1091. Our Supreme Court has "maintained our state's notice pleading requirements, emphasizing our policy of avoiding insistence on hypertechnical form and exacting language." *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 10, 335 P.3d 1243. "[T]he principal function of pleadings is to give fair notice of the claim asserted." *Malone v. Swift Fresh Meats Co.*, 1978-NMSC-007, ¶ 10, 91 N.M. 359, 574 P.2d 283.

**B. The District Court Erred in Its Sua Sponte Dismissal of the Amended Complaint Against Defendants Wallace, Hawthorne, Ewing, Kingsmore, and Van Winkle**

**{12}** Plaintiff's amended complaint asserted claims of malicious abuse of process and civil conspiracy against Defendants Wallace, Hawthorne, Ewing, Kingsmore, and Van Winkle. At a hearing on pending motions and case status, the district court sua sponte dismissed with prejudice Plaintiff's amended complaint against these Defendants, concluding that the allegations in Plaintiff's amended complaint failed to state a claim upon which relief could be granted. Plaintiff argues that this sua sponte dismissal was in error. We agree.

**{13}** Although our Supreme Court has recognized the authority of a district court to sua sponte dismiss "a complaint which is patently deficient[,]" the Court cautioned that such dismissal "should be sparingly exercised[.]" *Birdo v. Rodriguez*, 1972-NMSC-062, ¶¶ 10-11, 84 N.M. 207, 501 P.2d 195. Furthermore, it is well-established that "a sua sponte dismissal of a complaint for failure to state a claim upon which relief could be granted is erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond." 35B C.J.S. § 837, at 119 (2014) (footnote omitted); *cf. State ex rel. Children, Youth & Families Dep't v. William M.*, 2007-NMCA-055, ¶ 37, 141 N.M. 765, 161 P.3d 262 ("The essence of due process is notice and an opportunity to be heard at a meaningful time and in a meaningful manner." (internal quotation marks and citation omitted)). We note two flaws in the district court's sua sponte dismissal of Defendants Wallace, Hawthorne, Ewing, Kingsmore, and Van Winkle.

**{14}** First, before the hearing, Plaintiff was not given notice of the possibility that his claims would be dismissed. Rather, the hearing notice listed "Motion for a New Hearing/Scheduling Conference" as the matters to be heard. Following the court's denial of Plaintiff's motion for a new hearing, the district court stated that it would proceed with a "scheduling conference." Before beginning the scheduling conference, however, the district court asked for confirmation from Defendant Hawthorne that he had not yet filed a motion to dismiss pursuant to Rule 1-012(B)(6), which he had previously indicated he would file. After receiving that confirmation and despite there being no pending motion for dismissal, the district court stated, "I am hesitant to continue to let this case linger without ruling on a motion for dismissal regarding the [remaining Defendants]." The district court then stated that it had thoroughly reviewed the allegations against the remaining Defendants and determined that there is no legal basis for Plaintiff's claim. For that reason, the district court dismissed the case as to all remaining Defendants. Plaintiff was not afforded the opportunity to respond orally at the hearing or in writing once the district court announced its intention to sua sponte dismiss Defendants Wallace, Hawthorne, Ewing, Kingsmore, and Van Winkle. Furthermore, the record also reflects that Plaintiff was not allowed to amend his previously-amended complaint before his case was dismissed, even though he had twice moved for leave to amend.

**{15}** Second, upon a review of the allegations in the amended complaint against Defendants Wallace, Hawthorne, Ewing, Kingsmore, and Van Winkle, we cannot say that the amended complaint is patently deficient in its allegations of malicious abuse of process and civil conspiracy. Given the district court's failure to provide adequate notice and opportunity to be heard, we find it is unnecessary to undertake a comprehensive review of the sufficiency of the allegations in the amended complaint as to these Defendants. Nonetheless, we examine the allegations in the amended complaint as to Defendants Wallace, Hawthorne, Ewing, Kingsmore, and Van Winkle to explain why the allegations are not patently deficient.

**{16}** To state a claim of malicious abuse of process, Plaintiff must plead facts sufficient to show: "(1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages." *Durham v. Guest*, 2009-NMSC-007, ¶ 29, 145 N.M. 694, 204 P.3d 19. The first element can be demonstrated by "filing a complaint without probable cause"; an "irregularity or impropriety suggesting extortion, delay, or harassment"; or "conduct formerly actionable under the tort of abuse of process." *Id.* (alteration, internal quotation marks, and citation omitted).

**{17}** Here, Plaintiff's amended complaint alleges that Defendant Hawthorne filed the Wallace Complaint "without investigating the legitimacy of the allegations or evidence of proof" and that Defendant Wallace had no probable cause for filing the complaint. While these allegations alone would be sufficient to establish the first element of his malicious abuse of process claim, *see Durham*, 2009-NMSC-007, ¶ 29 (stating that the filing of a complaint without probable cause is sufficient to state a malicious abuse of process claim), Plaintiff's amended complaint further alleges that a preliminary injunction was issued in the underlying case, but that the preliminary injunction was procured by false testimony. The fact that a preliminary injunction was issued in the underlying case suggests that there may be probable cause. *See Bokum v. Elkins*, 1960-NMSC-091, ¶ 14, 67 N.M. 324, 355 P.2d 137 (recognizing that there is authority indicating that an injunction granted after notice and hearing to the parties is conclusive of probable cause). However, Plaintiff's allegations that the preliminary injunction was procured by false testimony challenge the legitimacy of probable cause for the injunction. *See* Restatement (Second) of Torts § 675 cmt. d (stating that, in civil proceedings, a person "cannot have a reasonable belief in the existence of the facts on which the proceedings are based if he knows that the alleged facts are not true and his claim is based on false testimony"). The factual allegations against Defendants Hawthorne and Wallace appear sufficient to satisfy the first element of the malicious abuse of process claim. *See Durham*, 2009-NMSC-007, ¶ 29; *Derringer*, 2003-NMCA-073, ¶ 5.

**{18}** Next, Plaintiff alleges that the filing of the Wallace Complaint was done to stop his free speech activities, to remove him from a public venue, or to harass him. It seems that any of these reasons could serve as the illegitimate end as contemplated in the second element of malicious abuse of process—"a primary motive in the use of process to accomplish an illegitimate end[.]" *See Durham*, 2009-NMSC-007, ¶ 29. Finally, as to

the third element, Plaintiff alleges he suffered damages and injuries, including "extreme duress" and "severe mental and emotional distress," seemingly satisfying the final element. *See id.* Based on the foregoing, we cannot say that the amended complaint is patently deficient in its allegations of malicious abuse of process against Defendants Wallace and Hawthorne.

**{19}** To state a claim of civil conspiracy, Plaintiff must plead facts sufficient to allege: "(1) that a conspiracy between two or more individuals existed; (2) that specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) that the plaintiff was damaged as the result of such acts." *Silva v. Town of Springer*, 1996-NMCA-022, ¶ 25, 121 N.M. 428, 912 P.2d 304. "The existence of the conspiracy must be pled either by direct allegations or by allegation of circumstances from which a conclusion of the existence of a conspiracy may be reasonably inferred." *Valles v. Silverman*, 2004-NMCA-019, ¶ 28, 135 N.M. 91, 84 P.3d 1056.

**{20}** "[A] civil conspiracy by itself is not actionable, nor does it provide an independent basis for liability unless a civil action in damages would lie against one of the conspirators." *Ettenson v. Burke*, 2001-NMCA-003, ¶ 12, 130 N.M. 67, 17 P.3d 440 (internal quotation marks and citation omitted). "A civil conspiracy must actually involve an independent, unlawful act that causes harm—something that would give rise to a civil action on its own." *Id.* "Without an actionable civil case against one of the conspirators, however, an agreement, no matter how conspiratorial in nature, is not a separate, actionable offense." *Id.* Having concluded that Plaintiff's amended complaint appears to state a claim for malicious abuse of process against Defendants Hawthorne and Wallace, malicious abuse of process may serve as the separate, actionable offense underpinning Plaintiff's civil conspiracy claims.

**{21}** Plaintiff's amended complaint alleges that Defendants Wallace, Ewing, Kingsmore, and Van Winkle conspired to promote the underlying action by (1) making misrepresentations to the court and (2) circumventing discovery, which would have revealed those misrepresentations, by seeking to have subpoenas quashed and the complaint dismissed. Plaintiff alleges the underlying action had the improper purpose of stopping his free speech activities, removing him from a public venue, or harassing him. Plaintiff also alleges damages based on these acts of Defendants. While Plaintiff alleges Defendant Wallace was the controlling or dominating force in the underlying lawsuit, Plaintiff's other allegations appear to be sufficient to allege the existence of a conspiracy because Defendants Ewing, Kingsmore, and Van Winkle participated in the underlying action by giving testimony regarding lost income and by moving to quash the subpoenas. Based on the foregoing, we cannot say that the amended complaint is patently deficient in its allegations of civil conspiracy with regard to these Defendants. *See Valles*, 2004-NMCA-019, ¶ 28 (concluding allegations that the defendants conspired to bring the lawsuit with an improper purpose resulting in damage to the plaintiff, as well as the sanctioning of, encouraging of, and participation in the lawsuit, were sufficient to state a claim of civil conspiracy).

**{22}** Therefore, we conclude it was error for the district court to sua sponte dismiss the amended complaint against Defendants Wallace, Hawthorne, Ewing, Kingsmore, and Van Winkle.

**C.     The District Court Did Not Err in Its Dismissal of the Amended Complaint Against the Petition Signers**

**{23}** Plaintiff's complaint also alleges civil conspiracy against the Petition Signers. Despite "accept[ing] all well-pleaded factual allegations in the complaint as true and resolv[ing] all doubts in favor of the sufficiency of the complaint," *Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917 (internal quotation marks and citation omitted), we conclude that Plaintiff has failed to state a claim as to the Petition Signers. Plaintiff has alleged only that the Petition Signers "promoted" Defendant Wallace's "frivolous action" by signing a petition. Plaintiff's amended complaint contains no further allegations that connect the petition signed by these Defendants to Defendant Wallace's underlying cause of action, which is the basis for the conspiracy claim. Rather, the amended complaint only alleges the petition was submitted to the Village of Ruidoso and does not allege that Defendant Wallace relied on the petition when she sought the restraining order. Moreover, we are unaware of any authority that concludes the signing of a petition alone is sufficient to sustain a claim for civil conspiracy as a matter of law, nor does Plaintiff cite any such authority. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 428 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). For these reasons, we conclude that Plaintiff has failed to state a claim of civil conspiracy against the Petition Signers and affirm their dismissal.

**{24}** Plaintiff next contends the district court erred in dismissing the amended complaint against all the Petition Signers because not all of these Defendants moved for dismissal under Rule 1-012(B)(6) and some were not present at any of the hearings. While the district court ruled on Defendant Sappington's and Defendant Stettheimer's Rule 1-012(B)(6) motions to dismiss, the record reflects that all of the served Petition Signers filed pleadings in which they requested dismissal of Plaintiff's cause of action. It appears that Defendant agrees that all of the served Petition Signers had filed pleadings wherein they requested dismissal of his complaint. For this reason, Plaintiff's contention that not all of the Petition Signers had requested that his complaint be dismissed is not supported by the record. Additionally, Plaintiff has not cited any authority that supports his claim that a defendant must attend a hearing in order to be dismissed. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal."). Because Plaintiff's contentions are unsupported by the record and legal authority, we decline to address them further.

**II.     Plaintiff Has Not Identified Any Omissions in the Record Proper**

**{25}**   Citing Rule 12-209(C) NMRA, Plaintiff argues that this Court should correct or modify the record due to claimed inadvertent or intentional errors contained therein. In relevant part, Rule 12-209(C) reads,

> If anything material to either party is *omitted* from the record proper by error or accident, the parties by stipulation, or . . . the appellate court on motion or its own initiative, may direct that the *omission* be corrected, and a supplemental record proper transmitted to the appellate court.

(Emphasis added.) Our Supreme Court has reasoned that Rule 12-209(C) is broadly worded "[b]ecause it is in the interest of justice to allow the parties to properly present their claims on appeal[.]" *State v. Antillon*, 2000-NMSC-014, ¶ 12, 129 N.M. 114, 2 P.3d 315. While Plaintiff points this Court to claimed errors, he does not identify any omissions contained in the record proper nor does he argue that the errors affected his ability to properly present his claims on this appeal. Plaintiff does not cite any authority indicating this Court is allowed to correct the record proper beyond omissions. *See Curry*, 2014-NMCA-031, ¶ 28. Furthermore, even if such authority did exist, the claimed errors do not change the foregoing analysis of Plaintiff's claims. Therefore, we decline to apply Rule 12-209(C) in this case.

## CONCLUSION

**{26}**   We reverse the district court's dismissal of Plaintiff's amended complaint as to Defendants Wallace, Hawthorne, Ewing, Kingsmore, and Van Winkle and affirm the dismissal of all other Defendants. We remand for further proceedings.

**{27}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**